**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WURTH USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHELLE THOMPSON, *et al.*, <br><br> Defendants. | Civil Action No. 21-19877 (SDW) (JSA) <br><br> **WHEREAS OPINION** <br><br> December 10, 2021 |

    **THIS MATTER** having come before this Court upon Plaintiff Wurth USA, Inc.'s ("Plaintiff" or "Wurth") filing of a Motion for an Order to Show Cause with Temporary Restraints, (D.E. 5), against its former employees, Defendants Michelle Thompson, James Matlock, Andrew Spetalnick, and Kevin DiMisa (collectively, "Defendants"); and

    **WHEREAS** Plaintiff alleges that Defendants violated the non-compete provisions of their employment agreements ("Wurth Employment Agreements") by commencing employment with Winzer Corporation ("Winzer"), Wurth's direct competitor, and selling Winzer's products to their former Wurth customers shortly after their separation from Wurth. (Compl. at 1–2.) Plaintiff further alleges that Defendants continue to use Plaintiff's confidential and proprietary customer information in violation of both statute and the Wurth Employment Agreements. (*Id.* at 2.) Plaintiff moves this Court to issue a temporary restraining order ("TRO") and preliminary injunction restraining Defendants from continuing to breach their Wurth Employment Agreements, misappropriating Plaintiff's trade secret information, and interfering with Plaintiff's customer relationships. (D.E. 5-2 at 25); and

**WHEREAS** "[a] court considering a motion for temporary restraining order [or preliminary injunction] should consider (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Carrascosa v. Hoffman*, Civ. No. 15-5956, 2017 WL 325826, at *5 (D.N.J. Jan. 23, 2017) (citation and quotation marks omitted); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). The first two factors are "gateway factors" that must be met before the court "considers the remaining two factors." *Reilly*, 858 F.3d at 179; and

**WHEREAS** Plaintiff has failed to demonstrate that it will suffer irreparable harm if the requested relief is denied. According to Plaintiff's Complaint, Thompson and Spetalnick left Wurth in March 2021, DeMisa left in April 2021, and Matlock left in July 2021. (Compl. ¶ 70.) Each of the Defendants began working with Winzer "shortly after their separation." (*Id.*) However, Plaintiff did not file the instant motion until November 15, 2021. (D.E. 5.) Plaintiff's own delay demonstrates that it will not suffer irreparable injury by proceeding in the normal course of litigation without emergency relief. *See Commc'ns Workers of Am. v. Alcatel-Lucent USA Inc.*, Civ. No. 15-8143, 2015 WL 7573206, at *3 (D.N.J. Nov. 25, 2015) (finding that TRO applicants' two-month "delay in bringing th[e] action undercut[] their claim of irreparable harm"); *Westchester Fire Ins. Co. v. Glob. Real Const., LLC*, Civ. No. 09-207, 2009 WL 137414, at *2 (D.N.J. Jan. 20, 2009) (denying a TRO given the applicant's "relatively leisurely pace"). With respect to probability of success on the merits, Defendants have raised credible arguments that this Court lacks personal jurisdiction over the Defendants and that venue is improper in this District. Defendants first raised these arguments in a Motion to Dismiss, filed on November 17, 2021, and

again in their opposition brief to the instant motion on November 19, 2021.  (D.E. 8, 11.)[1]  Plaintiff has yet to respond to these arguments three weeks later, further demonstrating that it does not face irreparable injury absent emergency relief.  Because Plaintiff has not met both "gateway factors," *Reilly*, 858 F.3d at 179, this Court will not issue a TRO or preliminary injunction; therefore

Plaintiff's Motion for an Order to Show Cause with Temporary Restraints is **DENIED**, and this matter shall proceed in the normal course.  An appropriate order follows.

                                                                 /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties

---

[1] Defendants argue that personal jurisdiction is lacking because Defendants live in Florida, Texas, and Maryland, and did not have sufficient contacts with New Jersey.  (*See* D.E. 8-1 at 6–13; D.E. 11 at 9–10.)  Defendants argue that venue is improper because a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in New Jersey.  (*See* D.E. 8-1 at 13–15; D.E. 11 at 10–11.)